## FENN *a.* BOLLES.

*New York Superior Court; Special Term, September,* 1858.

### INJUNCTION.—PARTNERSHIP ASSETS.—GOOD-WILL.

A surviving partner is not entitled, without consent of the representatives of the deceased partner, to use the firm name in continuing the business.

*It seems,* that a firm name which the firm has rendered valuable is, like other assets of the partnership, the common property of the survivor and the deceased's representatives.

Motion for injunction and receiver.

The action was brought by Almeda Fenn, as administratrix of the estate of Hobart Fenn, deceased.

The deceased had been in partnership with the defendant Bolles in the manufacture of faucets, and the object of the action was to settle the partnership affairs. The plaintiff obtained a temporary injunction, and now moved to make it permanent, and for appointment of a receiver.

HOFFMAN, J.—1. The plaintiff, the administratrix, is entitled to have the stock, tools, and furniture of the firm sold, and,

ordinarily, to have this done through a receiver, as the surviving partner, against her consent, is carrying on the business with such stock or implements. The defendant may be appointed such receiver, with the direction to sell, and the usual powers.

2. As to the good-will. In the ordinary sense, Lord Eldon's definition of a good-will is, " the probability that the old customers will continue to come to the old place." I decided in Dougherty a. Van Nostrand (1 *Hoffman's Reports*, 68), that such a good-will belonged to the firm, and was to be sold with other assets. The case of Martin a. Van Schaick (5 *Paige*, 472), and that from 1 Paige, cited, confirm this view; and I have no doubt of the law. See also Hine a. Hart (10 *Jurist*, 106).

But the text-writers, under the head of *Good-Will*, discuss another right, somewhat similar, that is, the right to use trademarks of the firm, or the name of the firm (*Collyer*, § 162, n. 3). There is nothing in the present case of trade-marks, by devices or emblems, used by the firm. The question is simply the right to use the firm name.

The case of Lewis a. Langdon (7 *Simons*, 421), appears to hold that this right survives as matter of property to the remaining partner. In Pidding a. How (8 *Ib.*, 477), it is intimated that the representatives of the deceased partner may perhaps have a right to prevent its use by strangers.

I cannot understand how, if the partnership name or style has acquired or become the source of any value whatever, that value is not common property. The theory must be, that an equal contribution of intelligence, fortune, credit, or integrity has been made, to obtain the reputation which creates the value. Even if this theory could be allowed to be refuted, the implied agreement to share the fruits of an unequal contribution would remain.

One of two things seems to me clear. Either the partnership name and style ceases and perishes with the firm itself, and neither the representative nor the survivor is entitled to use it; or it is an interest held in common after the death of one partner as fully as before, precisely as all tangible property is held,— that is, possessed legally by the survivor for mutual benefit.

At any rate, there is sufficient to support an injunction, until the hearing, against using the old firm name upon the parcels.

The order will modify the injunction, so as merely to restrain

the use of the name of Hobart Fenn, or Hobart Fenn & Co., upon any faucets manufactured by the present defendant.

The defendant to be appointed a receiver, with directions to sell the property of the late firm, collect the debts, &c.