CECELIA L. SLATER et al., as Executors of JOHN SLATER, Deceased, Appellants and Respondents, *v.* JAMES SLA- TER, Individually and as Executor of JOHN SLATER, Deceased, Respondent and Appellant, Impleaded with Another.

PARTNERSHIP — FIRM NAME — RIGHT TO USE IS A FIRM ASSET SUB- JECT TO SALE IN ACTION FOR PARTNERSHIP ACCOUNTING. Where a sale of the good will and assets of a copartnership has been ordered, in an action brought by the executrix of a deceased partner against a sur- viving partner for an accounting and a sale and distribution of the firm property, the right to continue the use of the firm name, under which the firm has done business for many years, is a firm asset which does not inure to the benefit of the surviving partner alone, but is subject to sale with the other firm property without condition, restric- tion or limitation upon the purchaser, and the estate of the deceased partner is entitled to share in the benefits thereof in the same manner that it is entitled to share in the distribution of the other firm prop-

erty ; the purchaser at such sale, whether the surviving partner or other-
wise, acquires the right to continue the business under the firm name
upon complying with the provisions of sections 20 and 21 of the Partner-
ship Law (L. 1897, ch. 420).

*Slater* v. *Slater*, 78 App. Diy. 449, modified.

(Argued April 28, 1903 ; decided May 12, 1903.)

CROSS-APPEALS, by permission, from a judgment entered
February 14, 1903, upon an order of the Appellate Division
of the Supreme Court in the first judicial department, modify-
ing and affirming as modified an interlocutory judgment in an
action for a partnership accounting, entered upon a decision
of the court on trial at Special Term.

The facts, so far as material, and the questions certified are
stated in the opinion.

*John A. Garver* for plaintiffs, appellants and respondents.
The firm name constitutes part of the good will.   (Pollock on
Part. art. 39 ; George on Part. 412 ; 2 Lindley on Part. 445 ;
Allan on Good Will, 81 ; 2 Bates on Part. § 672 ; 1 Collyer
on Part. 572 ; Ludlow on Trade Marks & Trade Names, 69 ;
Sebastian on Trade Marks, 337 ; *Churton* v. *Douglas*, 5 Jur.
[N. S.] 887 ; *Levy* v. *Walker*, L. R. [10 Ch. Div.] 436 ;
*Banks* v. *Gibson*, 34 Beav. 566 ; *Bradbury* v. *Dickens*, 27
Beav. 53 ; *Hudson* v. *Osborne*, 39 L. J. Ch. 79 ; *Mossop* v.
*Mason*, 18 Grant's Ch. 453 ; *Rogers* v. *Taintor*, 97 Mass.
291 ; *Myers* v. *K. B. Co.*, 54 Mich. 215 ; *S. Mfg. Co.* v.
*Snyder*, 54 Ohio St. 86, 94 ; *Drake* v. *Dodsworth*, 4 Kan.
135 ; *Lane* v. *Smythe*, 46 N. J. Eq. 443.)   The right to use
the firm name does not pass to the surviving partner.   (*H.
Co.* v. *H. S. Co.*, 144 N. Y. 462 ; Pom. Eq. Juris. § 408 ;
*Hammond* v. *Douglas*, 5 Ves. 539 ; *Matter of David*, L. R.
[1 Ch. 1899] 378 ; *Fenn* v. *Bolles*, 7 Abb. Pr. 202 ; *Staats*
v. *Howlett*, 4 Den. 559 ; *Blake* v. *Barnes*, 12 N. Y. Supp.
69 ; *Campbell* v. *Campbell*, 16 N. Y. Supp. 165 ; *Kirkman*
v. *Kirkman*, 20 Misc. Rep. 211 ; *Mason* v. *Dawson*, 72 N.
Y. S. R. 123 ; *Fisk* v. *Fisk*, 37 Misc. Rep. 737.)

*James W. Hawes* for defendant, respondent and appellant. Upon the death of a partner, the right to the continued use of the firm name in this state belongs to the survivor and is not an asset of the firm in which the estate of the deceased has an interest. (*Staats* v. *Howlett,* 4 Den. 559; *Caswell* v. *Hazard,* 121 N. Y. 484; *Hall* v. *Barrows,* 32 L. J. [N. S.] 548; *Blake* v. *Barnes,* 12 N. Y. Supp. 69; *Campbell* v. *Campbell,* 40 N. Y. S. R. 817; *Mason* v. *Dawson,* 15 Misc. Rep. 595; *Kirkman* v. *Kirkman,* 20 Misc. Rep. 211; *Collender* v. *Phelan,* 79 N. Y. 366; *Morgan* v. *Schuyler,* 79 N. Y. 490; *Matter of Randall,* 8 N. Y. Supp. 652.) Good will does not include the firm name. (Parsons on Part. [4th ed.] § 181; Mechem on Part. § 87; Story on Part. [7th ed.] § 99; *Rawson* v. *Pratt,* 91 Ind. 9; *Lobeck* v. *Lee,* 37 Neb. 158; *Helmbold* v. *H. M. Co.,* 53 How. Pr. 453; *Levy* v. *Walker,* L. R. [10 Ch. Div.] 436; *Banks* v. *Gibson,* 34 Beav. 566; *Caswell* v. *Hazard,* 50 Hun, 230; *Scheer* v. *A. I. Co.,* 32 Misc. Rep. 351; *Reeves* v. *Denicke,* 12 Abb. Pr. [N. S.] 92; *Morgan* v. *Schuyler,* 79 N. Y. 490; *Blumenthal* v. *Strauss,* 53 Hun, 501.) Either partner on dissolution may use the firm name, in the absence of agreement to the contrary, and so upon the death of one, the survivors may, at common law, continue its use. (*Levy* v. *Walker,* L. R. [10 Ch. Div.] 436; *Chappell* v. *Griffith,* 53 L. J. Rep. 459; *Burchell* v. *Wilde,* 69 L. J. [N. S.] 314; *Huwer* v. *Dannenhoffer,* 82 N. Y. 499; *Baldwin* v. *Von Micheroux,* 5 Misc. Rep. 386; *Webster* v. *Webster,* 3 Swanst. 490.

O'BRIEN, J. This appeal presents a question of some novelty and considerable importance. It does not seem to have been passed upon directly by this court, at least in the form in which it is now presented. Counsel upon both sides have bestowed upon the question a very thorough examination, and it is quite apparent from the briefs that they have found a wide field in which industrious research has discovered a wealth of learning that has more or less application. It is quite clear that the numerous authorities cited are not all

in harmony, and it would be an endless task to collate them so as to exhibit their true bearing upon this case. The work of reviewing, explaining and distinguishing these authorities has been done by the learned court below with as much success as it is reasonable to expect from the nature of the question, the condition of the cases, and the views of the text writers upon the subject. It would not be profitable for us to attempt to add anything to the discussion in this respect, and so we must be content to express our own views of the law and its application to this case derived from a somewhat diligent study of what has been said and decided in the very numerous precedents to which we have been referred by counsel.

The question is, whether in an action for an accounting between the widow and executrix of a deceased partner and the surviving partner, the firm name of the partnership, under which the business was transacted for more than forty years, is a part of the good will and partnership assets, subject to sale and purchase under the decree in the same way and with like effect as all the other assets of the firm directed to be sold and conveyed. This question arises in the case upon a state of facts found at the trial court, as to which there is no dispute or controversy. The firm of J. & J. Slater, composed of two brothers, was formed in 1859, to manufacture and deal in boots and shoes under that firm name, each partner sharing the profits and losses equally. The business was carried on continuously from that time until the year 1901, when the elder brother John died, leaving the defendant James, the other partner, sole survivor. The deceased left a will in which the plaintiff, his widow, and James, the brother, were appointed executrix and executor. The surviving partner has continued the business under the same firm name, at the same place and in the same manner since his brother's death, with the view of closing out the business as a going concern, and this was the situation when the action was commenced for an accounting and distribution of the assets. Besides the bills receivable, merchandise and fixtures on hand, the firm had

leases terminating in 1907 of the store and premises in the city of New York, where the business had been conducted.

The trial court directed that the entire assets of the firm be sold at auction under the direction of a referee, including the leases and all other firm property as one parcel. The court decided that the right to continue the use of the firm name was not a firm asset, nor a part of the good will, and that the estate of the deceased partner had no interest therein, but that it belonged to the survivor and should not be included in the sale of the firm assets, and to this part of the decision the plaintiff excepted.

On appeal to the Appellate Division that court modified the judgment in this respect, namely : That the firm name is a firm asset and part of the good will, that the estate of the deceased had an equal right and interest therein, and that the good will to be sold under the decree includes the exclusive right of the purchaser to hold himself out as the successor of the firm and its business, but that such good will does not include the right to continue the business in the old firm name, unless such purchaser be the surviving partner, and with this modification the judgment was affirmed. Both parties have appealed to this court from the judgment as thus modified, and the learned court below has certified to us the following questions of law involved in the case :

1. Whether or not, upon the facts found in the decision of this case, the firm name of J. & J. Slater, or the right to continue its use, is a firm asset ; or did the right to continue such use inure to the surviving partner ?

2. Whether or not, upon the facts found in the decision of this case, a purchaser at a sale provided for in the judgment herein, not being the surviving partner (the defendant, James Slater), will acquire the right to continue the business under the firm name of J. & J. Slater, upon complying with the provisions of sections 20 and 21 of the Partnership Law ?

We think that the learned court below was correct in so far as it decided that the firm name was inseparable from the good will, and hence just as much a part of the assets of the firm as

the good will itself. This proposition seems to be supported by the great weight of authority. (Pollock on Partnership, art. 39; 2 Lindley on Partnership, page *445; Allan on Good Will, 81; 2 Bates on Partnership, § 672; 1 Collyer on Partnership, 572; *Churton* v. *Douglas*, Johns. Ch. [Eng.] 174; *Levy* v. *Walker*, L. R. [10 Ch. Div.] 436, 449; *Banks* v. *Gibson*, 34 Beav. 566; *Rogers* v. *Taintor*, 97 Mass. 291; *Myers* v. *K. Buggy Co.*, 54 Mich. 215; *Snyder Mfg. Co.* v. *Snyder*, 54 Ohio St. 86, 94; *Lane* v. *Smythe*, 46 N. J. Eq. 443; *Fenn* v. *Bolles*, 7 Abb. Pr. 202.) The learned counsel for the defendant has cited some authorities that seem to point in the other direction. They are mostly cases where the question in the form now presented was not involved. Many of them are cases in the English courts where it was held in a general way that a property right could not be acquired in a name purs and simple. That may be true in its application to individuale and individual names, but with respect to the name and style under which business has been conducted by a partnership firm for a long series of years the firm name necessarily becomes attached to and part of the good will and inseparable from it. Of course the partners may by agreement between themselves, express or implied, change this rule. The cases in which the courts have dealt with the claim or right to assume some individual name or title have no application to the case of a partnership accounting where it is conceded that the good will is a part of the assets.

The learned court below while holding that the firm name was a part of the good will and hence partnership assets, placed a restriction or limitation upon its use to the purchaser and the right to sell it that may materially affect its value and go far to impair the property which it is conceded the plaintiff has in the good will as a part of her husband's estate. Conceding that the firm name is a part of the good will and is partnership assets, it follows that it should be sold without any restriction or limitation upon its use by the purchaser and in the same way and with like effect as in the case of all the other assets of the firm. If the firm name is partnership

property in any sense, the estate of the deceased partner is entitled to the benefits in the same sense that it is entitled to share in the distribution of the other property. But the modification of the judgment is substantially to the effect that, although it is subject to sale under the decree, yet no one can buy it for absolute use except the surviving partner himself.

This conclusion seems to be based upon the effect which the learned court gave to the several statutes which from time to time have been enacted in this state since 1833 and which are now embodied in the Partnership Law. (Laws of 1833, ch. 281; Laws of 1854, ch. 400; Partnership Law, L. of 1897, ch. 420, §§ 20, 21.) We think that these statutes have no bearing upon the question presented by this appeal. They were intended to protect the public against the use of a name or names in a business firm that did not represent an actual partner. (*Gay* v. *Seibold*, 97 N. Y. 472.) These statutes made no change in the law concerning the right and interest of the deceased partner's estate in the firm name. They did not change the nature or character of the good will in a case like this. If the right to the use of the firm name was a part of the partnership assets in which the estate of the deceased partner was entitled to share before the passage of these statutes, the plaintiff's right in this case to so share remains unaffected by the legislation. Nor do we think there is any difficulty or embarrassment in selling the firm name as part of the good will so far as the surviving partner is concerned. All the assets of the firm are by the terms of the decree to be sold as one parcel and the firm name should pass with the establishment. It is true that the purchaser, whoever he may be, will upon this view be entitled to assume a business name while a member of the old firm is still living, but this cannot occasion any embarrassment or difficulty to the survivor. The purchaser is required to make the real facts a matter of public record, from which it will appear who the members of the firm really are. No legal liability can attach to the survivor from any dealings between the purchaser of the firm name and third parties or the public. The survivor cannot be made

liable in any sense for the debts or obligations of the parties who transact business under the firm name acquired under the decree. The principal purpose of the statutes above referred to was to render such a result impossible.

It follows, therefore, that the questions certified should be answered substantially in the affirmative in the following form, that is to say : 1st. On the facts of this case the right to continue the use of the firm name is a firm asset and does not inure to the benefit of the surviving partner. 2nd. The purchaser at the sale provided for in the decree, whether surviving partner or otherwise, will acquire the right to continue the business under the firm name upon complying with the provisions of the statute.

The judgment should be modified on the plaintiffs' appeal so as to direct the sale of the good will with the other assets, including the right to use the firm name, without conditions, restriction or limitations upon the purchaser, and as so modified affirmed, with costs to both parties payable out of the partnership fund.

Parker, Ch. J., Gray, Vann, Cullen and Werner, JJ., concur ; Bartlett, J., absent.

Judgment accordingly.