(115 App. Div. 231)

## LEPOW v. KOTTLER.

(Supreme Court, Appellate Division, First Department. November 5, 1906.)

TRADE-NAMES—USE BY PARTNERS—DISSOLUTION OF FIRM.

Plaintiff and defendant formed a partnership for the manufacture of waists. The original articles omitted all reference to the good will of the business on dissolution of the firm and on dissolution by agreement no reference was made thereto, and each party continued a similar business in the same locality, defendant taking a new partner, and making use of the old firm name, which consisted of his own name and the words "& Co." while plaintiff used his name as successor to the old firm. *Held*, that defendant was entitled to continue the use of his own name and that plaintiff while holding himself out as the successor of the old firm was not entitled to restrain defendant from the use of the firm name.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trade-Marks and Trade-Names, § 41.]

Appeal from Special Term, New York County.

Action by Nathan Lepow against Harry Kottler. From an order granting an injunction pendente lite, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Steuer & Hoffman (Henry A. Freidman and Charles L. Hoffman, on the brief), for appellant.

Abraham S. Shomer (Morris Rothenberg, of counsel), for respondent.

CLARKE, J. It appears that prior to the 15th day of June, 1901, the defendant was engaged in the business of the manufacture of shirt waists under the name of H. Kottler & Co., and that on the 15th day of June, 1901, the defendant and the plaintiff, whose name was then Nathan Lepawsky, his present name having been assumed in April, 1906, formed a copartnership and did business under the said name of H. Kottler & Co. On the 17th day of November, 1902, they entered into a written agreement of partnership which, after reciting that they had theretofore been doing business together as copartners, set forth the terms of their future agreement. As originally drawn, the twelfth article of said agreement was as follows:

"12. It is further expressly understood and agreed that in the event both said parties shall at the dissolution of the partnership as aforesaid, desire to buy out and retain the stock and share of the other as well as the good will of the business, it shall be lawful for either of them to do so, and the one paying most for the share of the other shall be entitled to the same and so have it."

Before signing, however, the words "as well as the good will of the business" were stricken from the agreement, the defendant averring, and the plaintiff nowhere denying, that the elimination of said phrase from the agreement of partnership was due to the fact that the defend-

ant at that time refused to sign said agreement unless the plaintiff would make no claim to the good will, which was the firm name only as there were no other things to which said name applied, and that the words were stricken out by mutual consent. On the 27th day of June, 1906, the parties entered into a written agreement for dissolution which recited an accounting and the results thereof, and made provisions which apparently covered all of the tangible assets of the concern, but did not in terms in any way allude to the good will of the business or the use of the firm name. The partnership, during its continuance, occupied two stores, 43 and 45 Mercer street, which were side by side. The agreement provided that the defendant should take over the lease of No. 43 and the plaintiff of No. 45, and each would take all of the chattels and fixtures in the respective stores. The defendant acquired all the goods consisting of raw and made up materials, and undertook to collect the outstanding accounts and to pay the liabilities, and after the payment thereof to pay to the plaintiff a certain proportion and to himself the balance out of the collections. The terms of said agreement have been carried out. The plaintiff is continuing the business of manufacturer of shirt waists at 45 Mercer street, and has erected thereon a sign bearing his name, and underneath, the words, in large letters, "H. Kottler & Co.," with the word, in small letters, "formerly." The defendant has continued the business of the manufacture of shirt waists at 43 Mercer street, and has taken in a new partner by the name of Zindler, and is continuing the business under the firm name of H. Kottler & Co.; that is, he is using his own name followed by the words "& Co." which expresses the exact situation as he had used it before the partnership with Lepow, and during said partnership.

This is an appeal from an order made upon the plaintiff's application in a suit, brought for that purpose, which enjoins and restrains the defendant from in any manner using the name of "H. Kottler & Company" or "H. Kottler & Co.," or any name or similar name in the business of making ladies' shirt waists at 43 Mercer street, or at any other place within the state of New York, or displaying that said name or a similar name upon any sign, stationery, checks, bills, or notes used in said business, or in any other manner whatsoever during the pendency of this action.

The theory upon which the action is brought, of course, must be, that the firm name had by its use in the business become a trade-mark and part of the good will. But, if this should be assumed to be true, I do not see that the plaintiff can possibly have any claim to the exclusive use thereof, or rather that he has any right to prevent his late partner using the same. He did not purchase the whole business of a going concern, nor is it his own name that he is seeking to protect. The partnership was not dissolved by death so that the firm name, as in the case of Slater v. Slater, 175 N. Y. 143, 67 N. E. 224, 61 L. R. A. 796, 96 Am. St. Rep. 605, became a part of the firm's assets, the sale of which was required on the settlement of its affairs, but by a written agreement which, with minute particularity, upon an accounting, disposed of the affairs of the late partnership. Nothing being provided

in said agreement in regard to the good will or the firm name, the plaintiff has thereunder acquired no right to prevent the defendant from the continued use of the name.   In Hazard v. Caswell, 93 N. Y. 259, 45 Am. Rep. 198, Judge Danforth said:

"There can be no doubt that upon the dissolution of the old firm either partner might continue to use the trade-mark in question, unless he conferred upon the other an exclusive right to do so. * * * Each party might use the devices which constituted the trade-mark, although, neither, except by agreement, could use the name of the other."

And in subsequent litigation between the parties in Caswell v. Hazard, 121 N. Y. 484, 24 N. E. 707, 18 Am. St. Rep. 833, the court said, in referring to the case in the 93 N. Y., and 45th Am. Dec., supra:

It was there held that, upon the dissolution of a firm having an established trade-mark, such firm assets remained the property of the individual members and could be used by any or either of such members in the prosecution of this business."

It seems to me upon these papers that by the deliberate exclusion in the original articles of partnership made after a dispute as to the disposition of the good will in case of dissolution, and by the omission of all reference thereto in the articles of dissolution, that it was the clearly understood agreement that the defendant reserved the use of his own name in connection with the phrase "& Co.," and that the plaintiff is not entitled to an injunction before trial, preventing the defendant under such circumstances from using his own name in the conduct of his business, especially when the plaintiff is himself making use of the firm name by the sign "N. Lepow, formerly H. Kottler & Co." a clear holding out that plaintiff is the successor to the partnership.   This is an attempt in one way to do what plaintiff claims defendant is doing in another.   He who seeks equity must do equity.

The order appealed from should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs.   All concur.