### JENNER v. SHOPE.

(Supreme Court, Appellate Term.  March 10, 1910.)

1. PARTNERSHIP (§ 64*)—PARTNERSHIP NAME.
    Under Partnership Law (Consol. Laws, c. 39) § 22, and Penal Law (Consol. Laws, c. 40) § 924, prohibiting the use of the words "and company" or "& Co." when no actual partner is represented, the fact that plaintiff's intestate used the name "Jenner & Co." to represent a business in which he alone was interested did not make the name unlawful, nor render its use by another complying with the statute illegal, since the only illegality consisted in intestate's act in using the name without an actual partner.
    [Ed. Note.—For other cases, see Partnership, Cent. Dig. § 90; Dec. Dig. § 64.*]

2. EXECUTORS AND ADMINISTRATORS (§ 43*)—PARTNERSHIP NAME—SALE—USE.
    Where intestate built up a business under the name "Jenner & Co.," the right to use the name passed to his estate as a part of the good will and was subject to sale by his administratrix.
    [Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 43.*]

3. PARTNERSHIP (§ 64*)—PARTNERSHIP NAME—UNLAWFUL USE—SALE.
    Where intestate in his lifetime built up a business under the name of "Jenner & Co.," and at his death his administratrix sold the right to use such name to defendant, it was no defense to an action to recover the price that intestate's use of the name was illegal, because he had no partner, under Partnership Law (Consol. Laws, c. 39) § 22, and Penal Law (Consol. Laws, c. 40) § 924, prohibiting the use of the words "& Co." when no actual partner is represented.
    [Ed. Note.—For other cases, see Partnership, Cent. Dig. § 90; Dec. Dig. § 64.*]

    Bijur, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Annie Jenner, as administratrix of the estate of William J. Jenner, against Julian B. Shope. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Louis Sturcke, for appellant.

Howard Hasbrouck, for respondent.

SEABURY, J. The statutes (section 22 of the Partnership Law [Consol. Laws, c. 39], and section 924 of the Penal Law [Consol. Laws, c. 40]) against which the defendant claims that the contract offends are highly penal in character and are to be strictly construed. The name "Jenner & Co." was a lawful name. If the plaintiff's intestate assumed to do business under that name without an actual partner, that act was illegal; but that fact did not render the use of this name illegal. Any one authorized to use this name could do so lawfully by complying with the provisions of the statute. The prohibition of the statute is aimed, not at the name, but against the practice of doing business under such a name by one who has no actual partner. If Jenner did business under this name in violation of the provisions of the statute, he made himself liable to the penalty prescribed by the statute; but he did not forfeit the right to this name, or the right to do business under it, provided he should comply with the provisions of law. Upon the death of Jenner the name passed to his estate as a part of the good will of his business. As such it was a valuable asset, which the plaintiff had the right to sell. When the defendant bought this name, he did not purchase anything which was itself illegal, nor did he purchase permission to violate the law of the state.

Without the consent of the plaintiff he could not have used the name "Jenner & Co." With the consent of the plaintiff he could only do business under the name by complying with the provisions of the statute. Having obtained the plaintiff's consent to use this name upon his promise to pay for it, he now seeks to avoid his obligation by showing that the plaintiff's intestate committed a misdemeanor by not complying with the provisions of the statute when he used the name. If the plaintiff's intestate committed a misdemeanor, he laid himself open to the penalty which the statute prescribed; but the law does not visit that penalty upon his estate. The plaintiff or her assignee has the right to use the name, provided the name is used in accord with the requirements of law. The defendant's resistance to this claim is an obvious attempt to get something for nothing, and to avail himself of the alleged illegal act of the plaintiff's intestate as a pretext under which he may repudiate his lawful agreement.

The judgment rendered against the defendant is right, and should be affirmed, with costs.

LEHMAN, J. concurs.

BIJUR, J. (dissenting). Plaintiff sues as administratrix of the estate of her husband on a written contract whereunder defendant promised to pay as a minimum $250 semiannually for permission to use the name

of "Jenner & Co.," under which plaintiff's intestate had conducted business. On the trial it developed, on the cross-examination of plaintiff's principal witness and attorney, that her husband had had no partner, and had been doing business as an individual and for his sole benefit under the name of "Jenner & Co." Defendant moved to dismiss, on the ground that the consideration for his promise to plaintiff was illegal.

As the terms of the several statutes involved are not changed by the new Consolidated Laws, I shall refer to them by their new designations. The use by an individual of the words "and company" or "& Co.," when no actual partner is represented, is a misdemeanor. Section 924, Penal Law. The use of that designation under such circumstances is forbidden in section 22 of the Partnership Law; but it is therein provided that a violation of this section shall not be a defense in an action brought by an executor or an administrator of the person who has violated the same. Section 440 of the Penal Law provides that "no person shall carry on business under an assumed name, or under any designation, name or style, corporate or otherwise," other than the real name of the person conducting the business, unless he shall file with the county clerk a certificate setting forth the actual state of affairs.

After defendant had brought out the fact that "Jenner & Co. consisted of William J. Jenner alone during his lifetime," plaintiff offered no proof of the filing of any certificate, although her counsel in his brief states that as a matter of fact one had been filed. We do not need to decide the resulting controversy between contending counsel as to the party on whom fell the burden of proceeding with proof in respect of the filing of this certificate, inasmuch as I am of the opinion that the vice of plaintiff's intestate's method of conducting the business could not be cured by the filing of any certificate. In Slater v. Slater, 78 App. Div. 449, 454, 80 N. Y. Supp. 363, the court, after reviewing the history of this legislation, pointed out that the act which might be legalized under section 440 by the filing of a certificate was the conduct of a business under an assumed name or style other than a fictitious firm or partnership name, but that the use of a fictitious partnership name was prohibited by section 22 of the Partnership Law and section 440 of the Penal Law, except in continuation of a previous actual partnership, as permitted by section 20 of the Partnership Law.

It is true that defendant did not prove affirmatively and directly that Jenner had not become the lawful successor of a previously existing firm having the right to use the name of "Jenner & Co."; but the evidence, I believe, sufficiently discloses that no such condition existed. There is nothing in the decision of the Slater Case in 175 N. Y. 143, 149, 150, 67 N. E. 224, 61 L. R. A. 796, 96 Am. St. Rep. 605, wherein the judgment below was modified, which impairs the authority of the Appellate Division's opinion on the question at issue in the case before us. I cannot, therefore, escape the conclusion that the subject-matter of the contract in this case was illegal, and that, the consideration being tainted to this extent, the obligation of the defendant must fall.

Nor is plaintiff's case helped by the reservation in section 22 in favor of an executor or administrator of a person who has violated the law.

That reservation was manifestly intended—and has been so construed —to prevent the injustice of an effective defense against an executor or administrator (whose duty consists merely in closing up the business), on a claim, for example, for goods sold and delivered under the conditions forbidden by the section.

Moreover, the defendant's resistance to the administratrix's suit is not based on the decedent's manner of conducting business, but on the worthlessness of the resulting trade-name. It is evident that plaintiff's intestate used the name "Jenner & Co." in violation of law, and that when plaintiff granted the right to defendant to use that name she was giving him nothing at all, or, rather, something which had been created and existed in violation of positive statute.

While it is true that the statute is highly penal, and should be strictly construed, the case at bar seems to be one which falls within the inhibition of the strictest construction.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.