ANNIE JENNER, as Administratrix of the Estate of WILLIAM J. JENNER, Deceased, Respondent, *v.* JULIAN B. SHOPE, Appellant.

(Supreme Court, Appellate Term, March, 1910.)

Contracts — Validity of contracts — Contracts involving violation of positive statute — Contracts involving violation of statute — Sale of right to use trade-mark unlawfully used by sellers.
Trade-marks and trade-names — Acquisition, transfer and abandonment — Assignment.

Where one purchases the right to use a firm name under which another has been doing business and agrees to pay therefor, he is liable to pay the agreed price, though the person giving the right,

Supreme Court, Appellate Term, March, 1910. [Vol. 67.

in using the name, had violated the provisions of the Partnership Law prohibiting the use of the word " company " where it represents no actual partner.

BIJUR, J., dissented.

APPEAL by the defendant from a judgment in favor of the plaintiff, rendered in the Municipal Court of the city of New York, ninth district, borough of Manhattan.

Louis Sturcke, for appellant.

Howard Hasbrouck, for respondent.

SEABURY, J.  The statutes (Partnership Law, § 22; Penal Law, § 924), against which the defendant claims the contract offends, are highly penal in character and are to be strictly construed.  The name " Jenner & Company " was a lawful name.  If the plaintiff's intestate assumed to do business under that name without an actual partner, that *act* was illegal; but that fact did not render the use of this name illegal.  Any one authorized to use this name could do so, lawfully, by complying with the provisions of the statute. The prohibition of the statute is aimed not at the name but against the practice of doing business under such a name by one who has no actual partners.  If Jenner did business under this name in violation of the provisions of the statute, he made himself liable to the penalty prescribed by the statute; but he did not forfeit the right to this name or the right to do business under it, provided he should comply with the provisions of law.  Upon the death of Jenner the name passed to his estate as a part of the good will of his business.  As such it was a valuable asset which the plaintiff had the right to sell.  When the defendant bought this name he did not purchase anything which was itself illegal, nor did he purchase permission to violate the law of the State.

Without the consent of the plaintiff he could not have used the name " Jenner & Company."  With the consent of the plaintiff he could *only* do business under the name by complying with the provisions of the statute.  Having obtained the plaintiff's consent to use this name upon his promise to pay for it, he now seeks to avoid his obligation

by showing that the plaintiff's intestate committed a misde-
meanor by not complying with the provisions of the statute
when he used the name. If the plaintiff's intestate com-
mitted a misdemeanor, he laid himself open to the penalty
which the statute prescribed; but the law does not visit that
penalty upon his estate. The plaintiff or her assignee has
the right to use the name, provided the name is used in ac-
cord with the reqairements of law. The defendant's resist-
ance to this claim is an obvious attempt to get something for
nothing, and to avail himself of the alleged illegal act of the
plaintiff's intestate as a pretext under which he may repudi-
ate his lawful agreement.

The judgment rendered against the defendant is right and
should be affirmed, with costs.

LEHMAN, J., concurs.

BIJUR, J. (dissenting). Plaintiff sues as administratrix
of the estate of her husband on a written contract where-
under defendant promised to pay, as a minimum, $250
semi-annually for permission to use the name of "Jenner
& Co." under which plaintiff's intestate had conducted busi-
ness.

On the trial it developed, on the cross-examination of
plaintiff's principal witness and attorney, that her husband
had had no partner, and had been doing business as an in-
dividual and for his sole benefit under the name of "Jenner
& Company."

Defendant moved to dismiss, on the ground that the con-
sideration for his promise to plaintiff was illegal.

As the terms of the several statutes involved are not
changed by the new Consolidated Laws, I shall refer to them
by their new designations.

The use by an individual of the words "and company"
or "& Co." when no actual partner is represented is a misde-
meanor. Penal Law, § 924. The use of that designation
under such circumstances is forbidden in section 22 of the
Partnership Law; but it is therein provided that a violation

of this section shall not be a defense in an action brought by an executor or an administrator of the person who has violated the same.

Section 440 of the Penal Law provides that "no person shall carry on business under an assumed name, or under any designation, name or style, corporate or otherwise," other than the real name of the person conducting the business, unless he shall file with the county clerk a certificate setting forth the actual state of affairs.

After defendant had brought out the fact that "Jenner & Co. consisted of William J. Jenner alone, during his lifetime," plaintiff offered no proof of the filing of any certificate, although her counsel in his brief states that, as a matter of fact, one had been filed. We do not need to decide the resulting controversy between contending counsel as to the party on whom fell the burden of proceeding with proof in respect of the filing of this certificate, inasmuch as I am of the opinion that the vice of plaintiff's intestate's method of conducting the business could not be cured by the filing of any certificate.

In Slater v. Slater, 78 App. Div. 449, 454, the court, after reviewing the history of this legislation, pointed out that the act which might be legalized under section 440 by the filing of a certificate was the conduct of a business under an assumed name or style *other than* a fictitious firm or partnership name; but that the use of a fictitious partnership name was prohibited by section 22 of the Partnership Law and section 440 of the Penal Law, except in continuation of a previous actual partnership, as permitted by section 20 of the Partnership Law.

It is true that defendant did not prove affirmatively and directly that Jenner had not become the lawful successor of a previously existing firm having the right to use the name of "Jenner & Co.;" but the evidence, I believe, sufficiently discloses that no such condition existed.

There is nothing in the decision of the Slater case in 175 N. Y. 143, 149, 150, wherein the judgment below was modified, which impairs the authority of the Appellate Division's opinion on the question at issue in the case before us. I

cannot, therefore, escape the conclusion that the subject-matter of the contract in this case was illegal, and that, the consideration being tainted to this extent, the obligation of the defendant must fall.

Nor is plaintiff's case helped by the reservation in section 22 in favor of an executor or administrator of a person who has violated the law. That reservation was manifestly intended, and has been so construed, to prevent the injustice of an effective defense against an executor or administrator (whose duty consists merely in closing up the business) on a claim, for example, for goods sold and delivered under the conditions forbidden by the section.

Moreover, the defendant's resistance to the administratrix's suit is not based on the decedent's manner of conducting business, but on the worthlessness of the resulting trade name.

It is evident that plaintiff's intestate used the name "Jenner & Company" in violation of law, and that, when plaintiff granted the right to defendant to use that name, she was giving him nothing at all, or, rather, something which had been created and existed in violation of positive statute.

While it is true that the statute is highly penal and should be strictly construed, the case at bar seems to be one which falls within the inhibition of the strictest construction.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

Judgment affirmed, with costs.