(87 Misc. Rep. 434)

## JULIUS BIEN CO. v. FRANKLIN.

(Supreme Court, Special Term, New York County. November, 1914.)

1. TRADE-MARKS AND TRADE-NAMES (§ 35*)—CONTRACT OF SALE—CONSTRUCTION.

A contract transferring from a partnership to a corporation the partnership's property, together with the right to use a trade-name, transferred an absolute right to the name, and not a mere personal license, such as would terminate if the corporation should cease to do business, though it provided that the transfer to the corporation should be "during its entire corporate existence," where the circumstances under which the contract was executed showed that the phrase quoted was not a limitation, but was for the protection of the corporation against any possible claim of a reverter of the name to the vendors at the end of the fixed term of incorporation.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 39, 40; Dec. Dig. § 35.*]

2. TRADE-MARKS AND TRADE-NAMES (§ 37*)—ASSIGNMENTS FOR BENEFIT OF CREDITORS.

An assignment for the benefit of creditors of a corporation vested the assignee with a salable right in the use of a trade-name belonging to and used by the corporation.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 42; Dec. Dig. § 37.*]

3. TRADE-MARKS AND TRADE-NAMES (§ 23*)—GOOD WILL.

A name used in connection with an established trade is an asset equally with, and inseparable from, the good will of the business.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 26; Dec. Dig. § 23.*]

4. TRADE-MARKS AND TRADE-NAMES (§ 37*)—SALE BY ASSIGNEE OF CREDITORS.

That an assignee for the benefit of creditors of Julius Bien & Co., a corporation, sold the right to use the name "Julius Bien," which the corporation used in connection with its business, did not deprive the corporation of its name and franchise, but left it with the right to compete with the purchaser of the good will and the trade-name as a part thereof, subject only to the implied obligation that the old custom representing

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the good will should not be diverted from the purchaser by any active endeavors of the corporation.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 42; Dec. Dig. § 37.*]

Injunction by the Julius Bien Company against Sheldon Franklin, as assignee, etc. Complaint dismissed.

Franklin Bien, of New York City, for plaintiff.

Manley & Grand, of New York City (Franklin G. Manley, of New York City, of counsel), for defendant.

ERLANGER, J. [1, 2] The plaintiff corporation seeks an injunction by judgment to restrain the defendant, its assignee for the benefit of creditors, from selling the right to the use of the name "Julius Bien" as a part of the assigned estate. By way of counterclaim the defendant prays that the plaintiff be restrained from using the name in such manner as to interfere with the rights of a purchaser upon the proposed sale, and the actual question is whether this name "Julius Bien" has passed as an asset to the defendant under conditions which render it the subject of sale.

It is quite apparent from the evidence that the name "Julius Bien" had acquired a trade significance in connection with the lithographing business before its adoption by the plaintiff as a corporate name. Prior to the year 1893 a partnership with an established reputation in that trade, known as Julius Bien & Co., had been long in existence, and in that year the partners conveyed all the assets of the business to a corporation, Julius Bien & Co., formed in their interest under the laws of West Virginia. By the terms of this conveyance there passed to the West Virginia corporation "the plant and business of the said parties of the first part (the partnership), including trade-marks, patents, copyrights, formulas, contracts, outstanding accounts, the good will of the business and the use of the said name of Julius Bien & Co." A subsequent provision is found in the agreement of transfer "that the party of the second part (the corporation) has the right, and the same is hereby accorded to it by the parties of the first part, of using the name of Julius Bien & Co. during its entire corporate existence." For 17 years the West Virginia corporation conducted the business so transferred to it, and in the year 1910 the plaintiff, a New York corporation, was organized to take over that business, which it proceeded to do under an agreement whereby it became possessed of "the entire business and plant, together with the presses, fixtures, appurtenances, merchandise, accounts receivable, copyrights, interests in patents, and everything owned and controlled by the seller, together with the unexpired term of the lease, good will and right to the use of the name 'Julius Bien' vested in the seller."

Apparently the business as conducted by the plaintiff did not succeed, and from the proof before me it would appear to have become insolvent. It made a general assignment to the defendant for the benefit of its creditors, covering its "property and effects of every description," granting also to the assignee power to sign the corporate name

in the course of the administration of the estate, and the actual question is whether upon this succession of transfers the name "Julius Bien" passed to the assignee with the tangible assets. It is contended for the plaintiff that the right to the use of this name, as conferred by the old partnership upon the West Virginia corporation and by the latter upon the plaintiff, was but a personal license, terminating if the licensee should cease to do business, and so was not assignable.

I cannot adopt this view of the transaction. According to the words employed in the transfer by the partnership to the West Virginia corporation the surrender of the use of the name "Julius Bien" was no less complete than the transfer of the tangible property. Following the clauses which evidenced a complete transfer, the words that the vendee had the right to the name "during its entire corporate existence" do not bear the construction that the sale was limited. The phrase was not expressed as a limitation, and the surrounding circumstances give it the character of an extension for the benefit of the buyer rather than of the seller, since the corporation was organized for a fixed period of 70 years, but with power to obtain successive renewals. The apparent intention of this later clause was to protect the corporation against any possible claim of a reverter of the name to the vendors at the end of the fixed term of incorporation, and my construction of the instrument is that the name was sold, as the body of the agreement expressed, not merely licensed to the corporation under restrictive conditions. The plaintiff became possessed of the name "Julius Bien," with the good will and assets of the business, by virtue of an instrument of transfer from the West Virginia corporation which unquestionably imported an absolute sale, and upon authority the name passed to its assignee for creditors as a part of the good will under the general phraseology of the assignment. Such was the rule declared in Hegeman v. Hegeman, 8 Daly, 1, where the assignors were copartners, and no actual ground of distinction exists in the case of a corporation. See Van Dyk Co. v. Reilly Co., 73 Misc. Rep. 87, 130 N. Y. Supp. 755.

[3, 4] A name used in connection with an established trade is an asset equally with the good will of the business, and in fact inseparable from it. Slater v. Slater, 175 N. Y. 143, 67 N. E. 224, 61 L. R. A. 796, 96 Am. St. Rep. 605. To sell the name "Julius Bien" in connection with the good will of the plaintiff corporation's business does not work a loss of its franchise or its destruction as a corporation. The franchise to be a corporation and to continue as such was not assigned (De Ruyter v. St. Peter's Church, 3 N. Y. 238); but this does not mean that the corporation could not sell its trade-name, an asset having a definite value as a part of the good will of its business. How far it could lawfully contract not to engage in business again is a question which is not material here. An exclusive transfer of the assignor's name for business purposes is not within the assignment (Bellows v. Bellows, 24 Misc. Rep. 482, 53 N. Y. Supp. 853); but the mere power to make a general assignment for creditors involves at least a recognition of the divesting of all assets which could have a value to the corporation, and, if sold, a value to the assigned estate. The plaintiff retains its corporate name and franchise. It has assigned its good

will and trade-name, but it has not made a covenant for the benefit of a purchaser to refrain from doing business in its own—the corporate—name. Without such a covenant it may still compete in business with the purchaser of the good will and of the trade-name, which is a part of that good will, subject only to the obligation, implied from the sale, that the old custom which represented the good will itself should not be diverted from the purchaser by any active endeavors of the transferror. Von Bremen v. MacMonnies, 200 N. Y. 41, 93 N. E. 186, 32 L. R. A. (N. S.) 293, 21 Ann. Cas. 423.

I have had occasion to consider the rule in Farrand Co. v. Farrand, 84 Misc. Rep. 234, 147 N. Y. Supp. 89. I reach the conclusion, therefore, that the name "Julius Bien" passed by the assignment and is an asset which the defendant may sell; but upon the further ground of contention between the parties, relating to the defendant's right to an injunction for the protection of the purchaser in the exclusive use of that name, I must hold that the defendant is not entitled to this relief. Whether the plaintiff will ever resume business, and whether its activities may be so directed as to exceed its right to compete for new trade with the purchaser of the good will, are matters which it must remain for the future to disclose. The probabilities on either head are too remote for the framing of an injunction. There should be judgment for the defendant for the dismissal of the complaint upon the merits.

Judgment accordingly.