HARRY PALU and Another, Individually and as Copartners Doing Business under the Firm Name and Style of LINCOLN METAL WEATHER STRIP AND SCREENS COMPANY, Plaintiffs, *v.* LINCOLN WEATHER STRIP AND SCREENS CORPORATION, Respondent.

HARRY PALU, Appellant,

First Department, June 24, 1931.

*Arthur N. Seiff* of counsel [*Murray A. Meyerson* with him on the brief, attorney], for the appellant.

*Maury M. Kotz* of counsel [*William J. McArthur* with him on the brief, attorney], for the respondent.

O'MALLEY, J. The action was brought by the plaintiff copartnership and the individual partner Harry Palu to enjoin defendant, among other things, from using its corporate name and a certain trade-mark.

The plaintiff Palu and one Frederick Bolves had engaged in business as partners under the firm name of Bolves Brothers. One Alex Bolves, who had been a former partner, protested against the continuance of the family name. Thereupon, Palu and Frederick Bolves agreed to change the name of the partnership to Lincoln Metal Weather Strip and Screens Company.

The complaint is predicated upon allegations that the plaintiff Palu had devised the trade-mark involved, lending it to the partnership, and that such trade-mark was to remain the individual and sole property of the plaintiff and to be returned to him at the termination of that partnership. With respect to the use of the name as distinguished from the mark, the complaint contains allegations to the effect that a former employee, one Sarri, without justification, left the employ of the partnership and is, with others, in control of the defendant corporation, formed solely for the purpose of usurping the name so as to deceive and confuse the customers of the plaintiffs.

The answer puts in issue material portions of the complaint and contains a defense and counterclaim. This counterclaim is to the effect that when the partnership agreement was entered into between Palu and Frederick Bolves under the name of Bolves Brothers, it was agreed that upon dissolution the trade name of Bolves Brothers and any and all trade-marks should belong to Frederick Bolves. It is further pleaded that at the time of the adoption of the trade name by the partnership of Lincoln Metal Weather Strip and Screens Company, it was mutually agreed

between Frederick Bolves and Palu that upon dissolution of the partnership such trade name and all trade marks used in connection with the said business should belong to and be the sole property of Frederick Bolves, who would then have the sole right to continue the business under such name and the sole right to use any and all trade-marks adopted and used by that firm. The counterclaim further sets forth that the mark in question was designed by Frederick Bolves. After setting forth the dissolution of the partnership on or about January 22, 1929, by mutual consent, and the discontinuance of the partnership business except for the purposes of completing certain contracts, it is alleged that the defendant 'corporation was organized to protect the rights of Frederick Bolves

In dismissing the complaint and awarding judgment in favor of the defendant on its counterclaim, the learned justice at Special Term has found that the agreement set forth in the counterclaim to the effect that upon dissolution of the partnership, the firm name and trade-marks used in connection with its business should belong to Frederick Bolves was, in fact, made.

We are of opinion that findings to this effect may not be sustained. It is true that issues of fact arose upon the trial as to whether Palu or Frederick Bolves was the originator of the firm name and trade-mark. There was, however, not the slightest proof of the agreement, so far at least as the firm name is concerned. It is true that there is evidence to show that Frederick Bolves ordered the cut for the trade-mark and that he designed the same, and that he personally paid therefor. He also stated that it was agreed that he should own the cut. All this, however, falls short of proving an agreement that the mark itself should on dissolution of the partnership belong to Frederick Bolves, individually and solely.

Even if the agreement set forth in the counterclaim had been proved, it still remains conceded that the partnership, while it lasted, had the right to use the name and the mark. Neither Frederick Bolves, nor any one else would have the right thereto until the partnership had actually been terminated. This would not have occurred until the winding up of the partnership affairs had been completed. (Partnership Law, § 61.)

The record, though unsatisfactory in many respects, shows that for at least six months after the breaking up of the partnership sometime in January, 1929, both partners continued to issue checks under the partnership name in payment of its debts; that the bank account was still maintained in the partnership name and there was also proof that the partnership was still doing business to some degree, at least, at the time the counterclaim was interposed.

In the circumstances, the trade name and trade-mark being part of the good will and assets of the partnership, it had the right to their use until the termination in good faith of the dissolution proceedings, particularly if such use was necessary thereto. It was error, therefore, to grant the defendant corporation, the creature of Bolves, an injunction restraining the partnership from the use of the partnership name and trade-mark. It does not appear how far the liquidation of the partnership assets has progressed. It well might be that the final winding up of the business would result in a sale of sufficient of the assets of the partnership, together with its good will, to justify a transfer of the trade name and/or trade-mark to the purchaser. Such transfer would be legal. (*Slater* v. *Slater*, 78 App. Div. 449; modfd. and affd., 175 N. Y. 143; *Matter of Brown*, 242 id. 1, 8, 9.) This, of course, would not follow if as a matter of fact it is finally determined that Bolves had a special agreement with Palu with respect to the right to the firm name and trade-mark upon dissolution.

On the other hand, because of the unsatisfactory state of the record, we are not in a position to determine whether the partnership is still sufficiently engaged in business so as to justify an injunction against the defendant in the use of a name so similar to that of the partnership. The similarity is so close that unfair competition would result if the partnership is still engaged in business for the purpose of liquidation, since both concerns are in the same line and defendant is dealing with former customers of the plaintiffs.

For like reasons we cannot upon the record here presented determine whether plaintiffs are entitled to other injunctive relief to any extent, because of the alleged enticing of customers by a former employee and his use of the knowledge of the partnership business, gained through his employment.

For the reasons indicated the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

FINCH, P. J., MERRELL, SHERMAN and TOWNLEY, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.

# CASES REPORTED WITH BRIEF SYLLABI

AND

## DECISIONS HANDED DOWN WITHOUT

## OPINION