ALLEN *et al.* v. BRITTON *et al.*, *Appellants;* ALLEN *et al.*, *Appellants,* v. BRITTON *et al.*

### Division Two, October 22, 1897.

1. **Appeal:** FAILURE TO COMPLETE: MISTAKE. Plaintiffs filed with the clerk of this court a certificate of the judgment, an order granting the defendants an appeal, and paid the docket fee. But the defendants failed to file a transcript of the record or a certificate of the judgment of the circuit court. It appears there was no order of the circuit court granting plaintiffs an appeal. Having no record to review, and the statement being made by counsel in open court that some oversight has prevented the perfecting of the appeal, the Supreme Court does not affirm the judgment but simply dismisses the appeal.

*Appeal from the Hickory Circuit Court.*—HON. ARGUS Cox, Judge.

APPEAL DISMISSED.

*J. H. Childers, Wm. O. Mead* and *T. T. Loy* for defendant appellants.

*Rechow & Pufahl* for plaintiff appellants.

GANTT, P. J.—It appears that on the eleventh day of September, 1895, the plaintiffs Laura A. Allen *et al.*, by their counsel filed with the clerk of this court a certificate of the judgment and an order granting the defendants an appeal. It further appears that the defendants have not filed a transcript of the record or a certificate of judgment of the circuit court. It further appears that there is no order of the circuit court granting plaintiff an appeal. So that we have the plaintiffs endeavoring to prosecute an appeal which they did not perfect in the circuit court, and defendants seeking to prosecute an appeal in this court without having filed either a certificate or transcript and endeavoring to avail themselves of a certificate of judgment filed by plaintiffs and docket fee paid also by plaintiffs. We are urged by plaintiffs to ignore the fact that they have no appeal and to consider the case as if both sides had complied with the essentials of an appeal. Now it is apparent that defendants have no *locus standi* in this court because they have neither filed a certificate of judgment and order granting them an appeal nor a complete transcript, and it is perfectly obvious that they ought not to be permitted to avail themselves of plaintiffs' certificate or docket fee. It is clear defendants have nothing here to review. *Bell v. McCoy*, 136 Mo. 552. On the other hand plaintiffs have filed a certificate which shows only an appeal granted defendants but none granted to themselves. We have absolutely nothing upon which we can base a review of the findings of the circuit court at the instance of plaintiffs. Upon the representations of counsel in open court it seems probable some mistake or oversight has prevented them from having a record showing an appeal was granted them, but if so the way is still open to them to obtain *nunc pro tunc* orders. However disposed to accommodate counsel, we

can not assume the right of review without a record justifying us in so doing. With no disposition to shut off further investigation, we will not affirm the judgment but simply dismiss the appeal. SHERWOOD and BURGESS, JJ., concur.