PEACOCK PRODUCTIONS, INC., RESPONDENT, v. JOHN F. PAINE, ET AL., APPELLANTS.[*]

Kansas City Court of Appeals.   June 29, 1925.

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, section 1098, p. 1087, n. 73; section 1116, p. 1095, n. 42.

*Thurman L. McCormick* for appellants.

378

*Leon Greenbaum* and *Achtenberg, Rosenberg, Trusty & Fredman* for respondent.

BLAND, J.—This action was commenced before a Justice of the Peace of Jackson county by the filing of a statement by plaintiff, alleging that it and the Pioneer Film Company on August 1, 1921, entered into a written lease with the Davidson Estate Corporation, owner of the Film Building, in Kansas City, Missouri, for space in said building. The lease was for a term of four years at a rental of $400 per month, $200 to be paid by plaintiff and $200 by the Pioneer Film Company. On February 24, 1922, defendants succeeded to or purchased the business of the Pioneer Film Company and took over the space of the latter company and agreed to pay the rent that the Pioneer Film Company was obligated to pay under the terms of the lease and "assumed the obligation in said lease for and in behalf of the Pioneer Film Company." Thereafter, plaintiff and defendants, desiring to procure a cancellation of the lease, entered into an agreement with the building company whereby the lease was canceled in consideration of the payment of $1200 to the building company, which sum was paid by plaintiff. Defendants agreed to pay plaintiff one-half of the sum paid out by plaintiff in procuring the cancelation of the lease but had only paid $50 of that amount and consequently defendants were indebted to plaintiff in the sum of $550. On account of the jurisdiction of the justice being limited to $500, the suit was brought for the latter sum.

Upon a trial the justice rendered judgment in favor of plaintiff in the sum of $500. On February 1, 1923, defendants appealed to the circuit court of Jackson county, Missouri, and on the 9th day of February, 1923, said appeal was allowed. On March 19, 1923, defendants filed in the circuit court a motion to make plaintiff's petition or statement more definite and certain by alleging whether or not the agreements alleged to have been made by the defendants with plaintiff were oral or written and that if such agreements were in writing that the terms of the written instrument be set forth. On March 22, 1923, defendants' motion to make plaintiff's petition more definite and certain was sustained, the order reading—

"Now on this day defendants' motion to make plaintiff's petition more definite and certain is sustained, and *plaintiff excepts.*"

On May 7, 1923, plaintiff filed a motion to affirm the judgment of the Justice of the Peace on the ground that no notice of appeal had been given it. On May 9, 1923, defendants filed a motion to dismiss plaintiff's action on the ground that plaintiff had failed to comply with the order requiring it to make its petition more definite and certain and for other reasons. On May 10, 1923, the court dismissed defendants' motion to dismiss plaintiff's cause of action and thereafter

sustained plaintiff's motion to affirm and did affirm the judgment of the Justice of the Peace. Thereafter, on the same day, plaintiff's counsel having been advised that defendants would take an appeal and as the record sustaining defendants' motion to make more definite and certain showed that plaintiff excepted to the ruling of the court on the motion, thereby indicating that plaintiff had entered its general appearance in the circuit court and thus waived its right to file a motion to affirm the judgment for failure to give notice of appeal, plaintiff filed a motion to amend and correct said record entry by striking out that part of the record showing that an exception had been taken by plaintiff. On May 26, 1923, this motion was sustained by the court and the court ordered the entry corrected as prayed. On May 11, 1923, defendants filed "a motion to vacate the judgment to affirm the judgment of the justice court and for a rehearing." On June 9, 1923, the last-named motion was overruled. On August 25, 1923, defendants filed an application and affidavit for an appeal to this court, setting forth that defendants were making application "for an appeal from the judgment heretofore rendered in the above-entitled cause in Division No. 6 of the circuit court of Jackson county, Missouri." Thereafter an appeal was granted, the order reciting that having taken up and considered the application and affidavit for appeal, "the court . . . doth allow the same."

There are two judgments in the case rendered by Division No. 6 of the circuit court; one being the order of the court overruling the motion for a new trial on the order affirming the judgment of the Justice of the Peace and the other sustaining plaintiff's motion to correct the record entry. Defendants were entitled to appeal from either order. [Sec. 1469, R. S. 1919; Pickel v. Pickel, 176 Mo. App. 673.] The application and affidavit of appeal and the order granting the appeal fail to state from which judgment the appeal was taken.

"The petition or other application for an appeal or writ of error must describe the judgment order, or decree with sufficient accuracy to notify appellee or defendant in error, with reasonable certainty, what judgment, order, or decree it is proposed to review. And where there are two or more judgments, orders, or decrees, the application must show, with sufficient certainty, which of them it is proposed to review." [3 C. J. 1087.]

The order allowing an appeal must clearly show the judgment, order or decree from which the appellant desires to prosecute his appeal. [3 C. J. 1094, 1095.] Where the appellant fails to show a proper order allowing an appeal, the appellate court obtains no jurisdiction and the appeal should be dismissed. [Allen v. Britton, 141 Mo. 173; Newman v. Biggs, 78 Mo. 675; Hughes v. Henderson, 95 Mo. App. 312.]

The appeal is dismissed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.