RICHTER *et al. v.* RICHTER, administratrix, *et al.*

No. 15806.   MAY 14, 1947.   REHEARING DENIED JULY 14, 1947.

*S. P. Cain*, for plaintiffs in error. *Conger & Conger*, contra.

ALMAND, Judge. (After stating the foregoing facts.) ■ The trade name of a partnership is a part of its good will and is an asset of the firm. If, on the death of one partner, a dissolution results, the interest of the deceased partner, after payment of all debts, passes to the administrator. Code, §§ 75-208, 113-901. In the absence of a partnership agreement or a will of the deceased partner permitting the same, the surviving partner can not continue the business of the firm. *Maynard* v. *Maynard,* 147 *Ga.* 178 (93 S. E. 289, L. R. A. 1918A 81). But he is under the duty of converting the partnership assets into cash, paying the debts, and accounting to the administrator of the deceased partner. Code, § 75-209; *Huggins* v. *Huggins,.*117 *Ga.* 152 (4) (43 S. E. 759). The surviving partner is a trustee of the interest of the deceased partner, and a fiduciary relation exists between him and the representative of the deceased partner's estate. Galbraith *v.* Tracy, 153 Ill. 54 (38 N. E. 937, 28 L. R. A. 129, 46 Am. St. R. 867); Valentine *v.* Wysor, 123 Ind. 47 (23 N. E. 1076, 7 L. R. A. 788); Russell *v.* McCall, 141 N. Y. 437 (36 N. E. 498, 38 Am. St. R. 807). See also Hutchins *v.* Page, 204 Mass. 284 (90 N. E. 565, 134 Am. St. R. 656). So equity will set aside a bill of sale of the personal property from the surviving partner to himself, on proper application of the administrator of the deceased partner. Didlake .*v.* Roden Grocery Co., 160 Ala. 488 (49 So. 384, 22 L. R. A. (N. S.) 907, 18 Ann. Cas. 430). Where the surviving partner caused a corporation to be formed, of which he was the virtual owner, equity will set aside a bill of sale of the assets and the lease by the surviving partner to the corporation as being violative of the trust imposed on the surviving partner. Mosher *v.* Lee, 32 Ariz. 560 (261 Pac. 35).

The firm name is a firm asset subject to sale as any other firm property. It is inseparable from the good will of the firm, and in the absence of contract, will, or estoppel, the estate of the deceased partner is entitled to a distribution with other assets of the firm. Slater *v.* Slater, 175 N. Y. 143 (67 N. E. 224, 61 L. R. A. 796, 96 Am. St. R. 605); Witkowsky *v.* Affeld, 283 Ill. 557 (119 N. E. 630). Neither the surviving partner nor the administrator of the estate of the deceased partner, as conceded by the plaintiffs, has the right to use the trade name of the firm to the exclusion or injury of the other.

■ Where there has been no final sale or distribution of the partnership business, the surviving partner can not organize a corporation which he virtually controls by stock ownership, and carry on a line of business similar to that of the partnership, at the same location as the partnership, and represent to the former customers of the partnership, and to the public generally, that the corporation is a continuation of the partnership business. The corporation can not operate under the name that had been the firm name of the partnership, where objections are duly made by the proper parties at interest. Such operation would be a fraud upon the estate of the deceased partner, and a court of equity will preserve the rights and interest of the estate of the deceased partner. Bowman *v.* Floyd, 3 Allen (Mass.) 76 (80 Am. D. 55).

■ The defendants (now plaintiffs in error) insist that the firm of Richter Bros., the partnership, has been dissolved, that the plaintiffs (now defendants in error), though carrying ·on a similar line of business, are not using the name Richter Bros., that the defendants in carrying on a business similar to that of the partnership under the corporate name, Richter Brothers Company Inc., have a legal right to do so, and that the plaintiffs have no right to enjoin the use of the trade name, on the theory urged by the plaintiffs that the essence of unfair competition consists in the use of a trade name similar to another for the fraudulent purpose of leading the public to believe that in buying the goods of the corporation they are buying the goods of a competitor.

It is true that, in the absence of fraud, contract, or estoppel, every man has the right to use his own name in any legitimate way, either as the whole or part of the corporate name, and courts of equity will not interfere with such use where confusion only

results from the similarity of the names. *Carter* v. *Carter Electric Co.,* 156 *Ga.* 297 (119 S. E. 737). But if the name is used to deceive or mislead the public so as to palm off the goods of one on the representation, by the use of the name, as the goods of another *or to deprive another of his rights,* equity will interfere upon the showing of such unfair competition. *Carter* v. *Carter Electric Co.,* supra; *Saunders System Atlanta Co.* v. *Drive It Yourself Co. of Ga.,* 158 *Ga.* 1 (123 S. E. 132) ; Bates Mfg. Co. *v.* Bates Numbering Machine Co., 172 Fed. 892; Charles S. Higgins Co. *v.* Higgins Soap Co., 144 N. Y. 462 (39 N. E. 490, 27 L. R. A. 42, 43 Am. St. R. 769) ; P. J. Tierney Sons *v.* Tierney Bros., 130 Misc. 428 (224 N. Y. Supp. 144) ; Peck Bros. & Co. *v.* Peck Bros. Co., 113 Fed. 291 (62 L. R. A. 81), certiorari denied, 187 U. S. 643 (23 Sup. Ct. 843, 47 L. ed. 346).

In the *Saunders* case, supra, the court, in dealing with the right of the corporation to use a trade name adopted and used prior thereto by another corporation, held: "In such a case it is not essential to the maintenance of a suit to enjoin unfair competition that the plaintiff should show that he has the exclusive right to a corporate or trade name; but the allegation and proof of an interest in the good will of the business is sufficient, as it is the property in the good will of the business which is protected in all cases of unfair competition."

In the *Peck* case, supra, the court said: "Here the artifice consisted not in using one's own name, but in assuming falsely the name 'Peck Bros.,' there being no brothers of that name in the corporation. The name manifestly was then assumed for the purpose of obtaining the good will of the established business of the Connecticut corporation, resulting, failing the acquirement by purchase of the business, good will, and trade name, in fraud upon the public and injury to the legitimate proprietors of the business and trade name."

There being no special demurrer on the ground of misjoinder of parties, it is unnecessary for us to decide in this case whether the plaintiffs as individuals are entitled to an injunction against the defendants. The interest of the administratrix of the estate of the deceased in the good will of the partnership, which includes the trade name, is sufficient to support a charge of unfair competition in the use of the trade name by the corporation. The value

of the property interest of the estate in the trade name is vitally affected in its use by the corporation, when it represents that the corporation is but a continuation of the partnership business.

Counsel for the plaintiffs concede in their brief that the defendants in the use of the corporate name have the right to use the name of "Richter," and that they have no objection to the corporation's trade name as long as it does not contain the descriptive word "Brothers." We therefore hold that, as against the general demurrer, the petition as amended states a cause of action for equitable relief against the defendants' use of the word, "Brothers," as a part of the corporate name.

■ In the absence of a special demurrer on the ground of nonjoinder of proper or essential parties, the contention of the defendants that the relief prayed for could not be granted because the corporation was not made a party defendant can not be entertained. *Burkhalter* v. *People's Bank,* 175 *Ga.* 744 (3) (165 S. E. 749); *Roberts* v. *Burnett,* 164 *Ga.* 65 (7) (137 S. E. 773). Though the question is not before us, there is authority that, in such an action as this, the corporation is not an indispensable party. Elgin National Watch Company *v.* Loveland, 132 Fed. 41.

■ By general demurrer and a special demurrer to paragraph 16 of the petition, the defendants challenge the right of the plaintiffs to have the corporation dissolved. A court of equity, in the absence of statutory authority, is without the power to dissolve a private corporation. *Gibson* v. *Thornton,* 107 *Ga.* 545 (33 S. E. 895). The trial court, therefore, erred in overruling this ground of the demurrers. This court finds no error in the rulings on the other special demurrers.

*Judgment affirmed in part, and reversed in part. Jenkins, C. J., Duckworth, P. J., Atkinson, Wyatt, Head, and Candler, JJ., concur. Bell, J., disqualified.*