RALPH L. ALEXANDER, Administrator of the Estate of Alvin Jens Glasgow, Deceased, Plaintiff-Appellant, v. IRVIN O. GLASGOW, Defendant-Respondent, IVAH GLASGOW, Third Party Defendant, No. 44617—275 S. W. (2d) 339.

Court en Banc, February 14, 1955.

*R. E. Ausmus* for appellant; *Alexander, Ausmus, Harris & Welliver* of counsel.

*Ford & Ford* and *Jones & Jones* for respondent.

[340] HYDE, J.—Action in equity against a surviving partner to adjudge the partnership dissolved (by the death of the other partner) and for appointment of a receiver, liquidation and accounting. Judgment was for defendant (in effect dismissing plaintiff's bill) and plaintiff appealed. The Springfield Court of Appeals affirmed (Alexander v. Glasgow, 270 S. W. (2d) 161); but on application of plaintiff the case was transferred.

The petition alleged that defendant and his brother Alvin were partners in operating four drug stores in Dunklin County; that Alvin died September 15, 1939; that defendant took possession of the partnership property and conducted the business; that no steps had been taken to administer on the partnership estate; and that Alvin's estate had not received any accounting from defendant or any money from the partnership business. Plaintiff was appointed Alvin's administrator on October 2, 1948. Defendant filed answer denying the allegations about possession of partnership assets and failure to account.

Thereafter plaintiff filed interrogatories which defendant answered showing the following facts. No steps were ever taken by him to administer on the partnership. Three days after Alvin's death, defendant formed a new partnership with Alvin's wife Ivah, which continued until February 15, 1944 and she received half of the net profits of the business. This was done on the advice of Ivah's brother-in-law, an attorney, to save costs. In Februrary 1944, defendant paid Ivah $17,500.00 for her interest in the business which defendant considered to be one-half. Since that time, defendant operated the business as his own. The business operated at a small loss in 1939 and 1940 but began making profit thereafter. Alvin and Ivah had four children who were minors at the time of his death. Defendant stated his conlusion that Ivah also acted in these transactions as trustee for these children but stated no facts to show any authority to bind them or dispose of their interests. Defendant then filed a third party complaint against Ivah asking, if it should be determined that he was obligated to plaintiff, that he should have judgment against her for the full amount.

Thereafter, defendant filed an answer stating the facts set out in his answers to the interrogatories and further stating: ''that at the time of the formation of a new partnership herein referred to between this defendant and Ivah Glasgow, the value of the undivided one-half interest in said partnership business owned by Alvin Jens Glasgow was not in excess of the amount of property that the said Ivah Glasgow would have been entitled to from the estate of Alvin Jens Glasgow as her widow's allowances and other statutory property exclusive of debts and obligations, and this defendant alleges that the said Alvin Jens Glasgow, at the time of his death, did not die possessed of any other property out of which to pay the widow's statutory allowances

and absolute property other than the value of the equity of the said one-half interest of Alvin Jens Glasgow in the partnership business; \* \* \* that, taking into consideration the fact that the said Alvin Jens Glasgow left a widow and four minor children, and taking into consideration the fair value of the one-half interest of Alvin Jens Glasgow in said partnership business and debts due and owing by said partnership, that the widow's allowances out of the estate of Alvin Jens Glasgow would have exceeded the value of the equity of said Alvin Jens Glasgow in his undivided one-half interest in said business; \* \* \* that taking into consideration the value of the one-half interest of Alvin Jens Glasgow in the partnership business herein referred to at the time of his death and the partnership [341] debts. due by said partnership, that upon proper and timely application Ivah Glasgow, the widow of Alvin Jens Glasgow, would have been entitled to an order of the Probate Court of Dunklin County, Missouri, refusing letters of administration on the individual estate of Alvin Jens Glasgow." The answer also stated that all creditors of the partnership of defendant and Alvin were fully paid prior to the time plaintiff was appointed administrator and that there were no individual creditors of Alvin. At. the time plaintiff was appointed administrator, in 1948, only one of the four children of Alvin and Ivah was a minor; however the other three had reached their majority several years prior to plaintiff's appointment. Reference is made to the opinion of the Court of Appeals (270 S. W. (2d) 161) for other facts stated in this answer and in defendant's answers to the interrogatories. Defendant also set up laches and estoppel as a defense because of the facts stated.

Plaintiff filed a motion to strike the paragraphs of the answer alleging this new matter on the ground "that said matters set forth in said answer do not constitute any defense to the cause of action set forth in plaintiff's petition." Plaintiff had previously filed a motion for judgment on the pleadings. Both of these motions were overruled. Thereafter, at a pre-trial conference, the cause was submitted to the Court upon the following agreement:

"THE COURT: It is agreed by both parties that the Court can determine:

"First, whether there was a conversion by Irvin and Ivah,

"Second, the date of the conversion, if any, from all of the facts pleaded in all of the pleadings, including the interrogatories.

"It is agreed by and between the parties that the Court shall first determine and file findings of fact and conclusions of law, based upon the pleadings, to which each party may take exceptions, and upon the overruling or sustaining of the exceptions, of either party, the Court shall enter an order making up the issues of the trial or render final judgment."

28

Thereafter, the following judgment was entered against plaintiff and the third party petition was dismissed:

"This cause having heretofore been submitted to the Court on all the pleadings, the interrogatories and answers thereto, and the admissions of the parties at pre-trial conference, is again taken up by the Court.

"It is the order and judgment of the Court that Ralph Alexander, as Administrator of the Estate of Alvin Jens Glasgow, take nothing by his petition and the issues on his petition and defendant Irvin O. Glasgow's answer are found against the plaintiff and in favor of the said defendant, final judgment is entered in favor of the defendant Irvin O. Glasgow."

Plaintiff in his brief contends that "the judgment of the trial court was in contravention of the agreement made by the court and attorneys in the pre-trial conference and contrary to the court's own order made at said conference." It is true that the court did not make findings of fact and a statement of the grounds for its decision which a party is entitled to have on request. (Sec. 510.310. Statutory references are to RSMo. and V.A.M.S.) However, plaintiff did not preserve this matter for appellate review by stating it as an allegation of error in his motion for new trial (Sec. 512.160(1) and Rule 3.23); and, therefore, has waived this procedural matter.

On the merits, plaintiff says that a partnership is dissolved by the death of a member; that a surviving partner has the responsibility, in a fiduciary capacity, to liquidate the partnership assets and make distribution; that, if he continues the partnership business, he is liable both for losses incurred and profits made; and that a suit in equity for an accounting is the proper and only adquate remedy for the administrator of the deceased partner, citing Roberts [342] v. Hendrickson, 75 Mo. App. 484; Bell v. McCoy, 136 Mo. 552, 38 S. W. 329; Goodson v. Goodson, 140 Mo. 206, 41 S. W. 737; Tufts v. Latshaw, 172 Mo. 359, 72 S. W. 679; Whitesell v. Pioneer Const. Co., (Mo. App.), 2 S. W. (2d) 147; Groves v. Aegerter, 226 Mo. App. 128, 42 S. W. (2d) 974; Pryor v. Kopp, 342 Mo. 887, 119 S. W.(2d) 228; Maynard v. McClellan, 236 Mo. App. 352, 156 S. W. (2d) 770; 40 American Jurisprudence 342, Partnership, Sec. 306, and Sec. 319, p. 353; Richter v. Richter, (Ga.), 43 S. E. (2d) 635; 173 A.L.R. 436 and annotation. Plaintiff also says that as such administrator he is not bound by any agreement entered into between the surviving partner and one of several heirs of the deceased partner. The purport of the Court of Appeals opinion seems to be to the contrary, or at least it seems to hold that the administrator is bound by estoppel against the heir who made the agreement even though other heirs were minors, and that is the reason we transferred the case. We agree with these propositions stated by plaintiff, but find there is more than that to be considered in deciding this case.

The submission of this case was in effect a submission on an agreed statement of facts, that is the facts stated in the pleadings and the interrogatories. Plaintiff's theory as stated in his motion for new trial (called a "motion for judgment or in lieu thereof a rehearing") is "that under the law and the facts admitted by the pleadings, the interrogatories, and the pre-trial hearing in said cause, plaintiff is entitled to judgment." Plaintiff also took the position in this motion that he was entitled to judgment on the pleadings. Plaintiff stated in a letter to the court after the motion was filed: "The facts can be determined from the pleadings and the interrogatories * * * and from a copy of the pre-trial hearing." However, the only record of the pre-trial hearing in the transcript is the order hereinabove set out in full. The Judge who conducted the pre-trial conference and entered judgment had resigned and the transcript was settled by his successor. We think the reasonable construction of the agreed order of submission in this case was that it was submitted for decision on the same basis as a motion for judgment on the pleadings, except that facts stated in answer to the interrogatories were also to be considered. This view is supported by a letter written by one of plaintiff's attorneys to defendant's attorney, after the motion for new trial had been filed, which stated: "It is my understanding that a motion for judgment on the pleadings such as we have filed in this case admits that all facts being pleaded are true and in effect says that admitting that all facts pleaded are true, still that we are entitled to a judgment." We, therefore, hold that under the agreed submission the Court could properly consider as true all new facts pleaded in defendant's last filed answer.

Of course, legal conclusions are not included but ultimate facts are. Certainly one of the matters that the Court could consider to be true are the statements as to the value of Alvin's interest in the partnership. If, as stated, the value of this interest at the time of Alvin's death was not in excess of the amount of the allowances to which his widow was entitled as her absolute property (see Sec.'s. 461.120, 462.450, 462.460, 462.470) then she did not deprive the minor children of anything, to which they were entitled, by taking possession of it and entering into a new partnership with defendant. In this situation, the children would have had no value or interest to be converted. Of course, Ivah would be estopped by her conduct; and if she was solely entitled to the property and the minor children had no rights therein, plaintiff would also be estopped. (Maynard v. McClellan, 156 S. W. (2d), l.c. 775.) The question before us is the sufficiency of the evidence (the facts before the trial court by agreement) to support the judgment. This being a case tried without a jury we review it both on the law and the evidence. (Sec. 510.310) On the theory herein stated, we hold that it was proper for the trial court to enter the judgment it did.

The judgment is affirmed. All concur.