47 CCPA

**BLACK PANTHER COMPANY, Inc.**

**v.**

**COOK CHEMICAL COMPANY.**

**Patent Appeal No. 6537.**

United States Court of Customs and Patent Appeals.

April 6, 1960.

**178**

John Howard Joynt, Washington, D. C., for appellant.

Beale & Jones, George R. Jones, Washington, D. C., Hovey, Schmidt, Johnson & Hovey, Robert D. Hovey, Kansas City, Mo., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Judges.

WORLEY, Chief Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board of the United States Patent Office dismissing an opposition by appellant to appellee's application, No. 6,592, filed April 18, 1956, for registration of "E-Z Lite" as a trademark for a liquid chemical composition for use in starting fires.

The opposition was based on appellant's alleged prior use of "E-Z Lite" for charcoal, and alleged ownership of Trademark Registration No. 353,606, granted January 11, 1938, for "EZ-Fire" as a trademark for kindling blocks, to the EZ-Fire Company of Ludewici, Georgia. In dismissing the opposition, the board held (1) that appellant had not established use of the "E-Z Lite" trademark prior to the filing date of appellee's application, and (2) had not proved ownership of the "EZ-Fire" registration. Appellant's claim of ownership of the "EZ-Fire" registration represents a ground of opposition entirely distinct from its activities in connection with "E-Z Lite." If the record supports the former claim, it is immaterial whether the latter constitutes a valid ground of opposition. Accordingly, we shall dispose of the issue as to the "EZ-Fire" registration first.

With respect to the second ground, appellant introduced in evidence copies of two assignments of Registration No. 353,606, together with the good will of the business. The first names one Charles M. McBryde as assignee, and was executed on behalf of EZ-Fire Company July 3, 1956,[1] by one Harold C. Long as "succeeding partner." It contains a notation that the other partner, one Gibbs E. Smith, was deceased. The second assignment, executed August 3, 1956, by Charles M. McBryde, names Black Panther Company, Inc., appellant here, as assignee. Both assignments were recorded in the Patent Office on August 7, 1956. It is stated in the board's decision that the registration was renewed by appellant on January 11, 1958. Prima facie, therefore, the papers show title to the registration and ownership of the registered mark to be in appellant. Rosengart v. Ostrex Company, Inc., 136 F.2d 249, 30 CCPA 1046.

The board held the assignment to McBryde ineffective because "a trademark owned by a copartnership does not pass to the survivor by operation of law; and the record is devoid of any evidence which might tend to show either that Long had succeeded to EZ-Fire and its registration, or had made any use of the mark as an individual. No authority is cited for the first part of that statement. It appears to be incorrect. As stated in 68 C.J.S. Partnership § 271, pp. 766, 767:

> "However, it is generally held that the survivor does become the legal owner of the assets of the firm or of its personal property, including its choses in action, for the purpose of adjustment or liquidation of the partnership affairs, and it has been held that, in the eyes of the law, his ownership is absolute, although it may be somewhat qualified in equity, or the title may be considered but an equitable one."

See also Abraham & Straus, Inc. v. Truval Manufacturers, Inc., 138 F.2d 77, 31 CCPA 731; Slater v. Slater, 175 N.Y. 143, 67 N.E. 224, 61 L.R.A. 796; Cook v. Cochran, 42 Ga.App. 478, 156 S.E. 465; and Richter v. Richter, 202 Ga. 554, 43 S.E.2d 635, 173 A.L.R. 436.

In the absence of any evidence that he was acting outside his authority, we are of the opinion Long should be regarded as having been qualified to act for EZ-Fire Company. Even assuming, as seems to be suggested by the board, that the partner Smith was not dead when the assignment was executed, it appears that Long would have been entitled to act for the company under the law of partnership. See 68 C.J.S. Partnership § 137, p. 572.

It was not necessary that Long should show use of the mark as an individual since, in the absence of evidence to the contrary, it is presumed that a registered mark is being used by the registrant. American Throwing Co., Inc. v. Famous Bathrobe Co., Inc., 250 F.2d 377, 45 CCPA 737, and cases there cited. In our view Long was entitled to act for the registrant, EZ-Fire Company.

While McBryde does not appear to have used the mark, he transferred it to appellant one month after he acquired it. No presumption of abandonment can be based on nonuse during that short period. As shown by the record, appellant began using the mark on charcoal lumps and briquets in the spring of 1957, which is early enough to avoid any presumption that it abandoned the mark after acquiring it on August 3, 1956, especially in view of the fact that the record indicates that not much business was done by appellant with charcoal during the fall and winter months. The record also reflects that appellant's charcoal lumps are used in many instances in kindling fires; accordingly, they may be considered as coming within the term "kindling blocks" used in Registration No. 353,606.

In our opinion the record sufficiently establishes appellant's ownership of Registration No. 353,606, which long antedates appellee's application here in-

---

1. The date of this assignment is incorrectly given in the board's decision as July 31, 1950.

volved. The board indicated, in a footnote to its decision, that the "E-Z Lite" and "EZ-Fire" marks are confusingly similar and we are in accord with that view. Both the registration and appellee's application relate to materials for kindling fires, and the marks as applied to such goods contain the identical suggestion that the fire will light easily. In view of this identity in meaning and of the similarity in sound and appearance of the marks we think their concurrent use on the goods of the respective parties would be likely to cause or create confusion, within the meaning of the Lanham Act, 15 U.S.C.A. § 1051 et seq.

It follows that the opposition should have been sustained on the basis of appellant's Registration No. 353,606, and it is therefore unnecessary to consider opposer's alleged prior use of the "E-Z Lite" mark.

The decision of the Trademark Trial and Appeal Board is reversed.

Reversed.